IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY WASHINGTON,

    Plaintiff,               1:07-CV-00099 ALA P

    vs.

JAMES E. TILTON, et al.,

    Defendants.         <u>ORDER</u>

_____/

    Plaintiff Henry Washington is a state prisoner proceeding pro se and in forma pauperis in this civil rights actions pursuant to 42 U.S.C. § 1983. On January 18, 2007, Plaintiff filed a complaint.

    Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen complaints brought against a governmental entity or officer or employee of a governmental entity. The Court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b). A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "At this stage of the litigation, [this Court] must accept [Plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A court

may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006).

Plaintiff challenges his classification as a sex offender.  Specifically, Plaintiff alleges that Defendants did not "classify [Plaintiff] in accordance with explicit mandatory language set forth by state rules [and] regulations."  Complaint at 3.  However, Plaintiff does not provide further argument or analysis and does not cite any federal constitutional right.

To proceed, Plaintiff must file an amended complaint.  Any amended complaint must show that the federal court has jurisdiction and that Plaintiff's action is brought in the right place, that Plaintiff is entitled to relief if Plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving Plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If Plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  FED. R. CIV. P. 10(B).  Plaintiff may join multiple claims if they are all against a single defendant.  FED. R. CIV. P. 18(a).  If Plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  FED. R. CIV. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

1  heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P.
2  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).
3       Plaintiff's claims must be set forth in short and plain terms, simply, concisely and
4  directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting
5  point of a simplified pleading system, which was adopted to focus litigation on the merits of a
6  claim."); FED. R. CIV. P. 8.
7       Plaintiff must eliminate from Plaintiff's pleading all preambles, introductions, argument,
8  speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible
9  defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)
10 (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El
11 v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of
12 Civil Procedure is fully warranted" in prisoner cases).
13      A district court must construe pro se pleading "liberally" to determine if it states a claim
14 and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an
15 opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,
16 the "[f]actual allegations must be enough to raise a right to relief above the speculative level on
17 the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell
18 Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).
19      The court (and defendant) should be able to read and understand Plaintiff's pleading
20 within minutes. *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many
21 defendants with unexplained, tenuous or implausible connection to the alleged constitutional
22 injury or joining a series of unrelated claims against many defendants very likely will result in
23 delaying the review required by 28 U.S.C. § 1915 and an order dismissing Plaintiff's action
24 pursuant to Fed. R. Civ. P. 41 for violation of these instructions.
25      An amended complaint must be complete in itself without reference to any prior
26 pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff

files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R. CIV. P. 11. Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal. Admin. Code § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's January 18, 2007, complaint is dismissed; and
2. Plaintiff is granted thirty-five (35) days to file a first amended complaint. Failure to file a first amended complaint will result in this matter being dismissed.

/////

Dated: December 12, 2007

                                                /s/ Arthur Alarcón  
                                                UNITED STATES CIRCUIT JUDGE  
                                                Sitting by Designation